# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **Jordan Kahn Music Company, L.L.C.** | § | |
| **Scott Swiecki a/k/a Scott Michaels, and** | § | |
| **Scott Michaels Entertainment LLC,** | § | |
| | § | |
| *Plaintiffs and Counter-defendants,* | § | |
| | § | |
| *vs.* | § | **Civil Action No. 4:21-cv-00045** |
| | § | |
| **Dean "Deno" Taglioli,** | § | |
| | § | |
| *Defendant,* | § | |
| | § | |
| **and** | § | |
| | § | |
| **Emerald City Band, Inc., and** | § | |
| **Emerald City Management, L.L.C.,** | § | |
| | § | |
| *Defendants and Counter-claimants.* | § | |

## ANSWER AND COUNTERCLAIM

## ANSWER

Defendants Dean "Deno" Taglioli, Emerald City Band, Inc., and Emerald City Management, L.L.C., (collectively, "Defendants") answer Plaintiffs' Original Complaint ("Complaint"), as follows:

### STATEMENT OF THE CASE

A.     Defendants admit that JKMC is a competitor of Defendants Emerald City Band, Inc. and Emerald City Management, LLC (collectively, "Emerald City

Entities"), but deny the remaining averments contained in the first unnumbered paragraph of the Complaint.

B.  Defendants deny the allegations contained in the second unnumbered paragraph of the Complaint.

C.  Defendants deny the allegations contained in the third unnumbered paragraph of the Complaint.

## PARTIES

1.  Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.  Upon information and belief, Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.  Upon information and belief, Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.  Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.  Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     Defendant admit that Plaintiffs purport to allege claims for trademark infringement, unfair competition, declaratory judgment, unjust enrichment, fraud, promissory estoppel and tortious interference, but deny Plaintiffs have stated claims upon which relief may be granted or that Plaintiffs are entitled to any relief. Defendants admit the Court has jurisdiction over Plaintiff's specious claim for trademark infringement under 15 U.S.C. § 1051, *et seq.* but denies that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendants deny the remainder of the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit the Court may exercise personal jurisdiction over them in this Action, but deny Plaintiffs' allegations of any "misconduct" and otherwise deny the remaining allegations contained in paragraph 8 of the Complaint.

9.     In answering Paragraph 9 of the Complaint, Defendants admit that venue is proper in this Court.

## STATEMENT OF FACTS

10.     Upon information and belief, Defendants admit that Plaintiff Michaels is an owner of SME.  Defendants lack knowledge or information sufficient to admit or deny that SME provides music and entertainment services throughout the United States, including the State of Texas and in this District, and, therefore, on that basis

deny same. Defendants admit that Michaels was under contract with Emerald City Band, Inc. and Emerald City Management, LLC, but deny that he was an employee of Dean Taglioli.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.   Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.   Defendants admit that Michaels submitted a letter of resignation and that, upon information and belief, Michaels secretly created SME before such date. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.   Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.   Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.   Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.   Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint;

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint, except that they admit that Exhibit A to the Complaint appears to be a copy of a contractual addendum executed by Michaels, Emerald City Band, Inc. and Emerald City Management, LLC dated August 7, 2020.

22.     Defendants admit that Plaintiffs have quoted a portion of the Addendum, but deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.      Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, for that reason deny same.

27.     Defendants admit JKMC provides music and entertainment services and is a direct competitor of the Emerald City entities throughout the United States, including the State of Texas and this District. Defendants admit JKMC's owner used to work with one or more of the Emerald City entities.   Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Upon information and belief, Defendants admit that Michaels or SME formed a band by the name of STRATOSPHERE PARTY BAND, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint and, therefore, for that reason deny same.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, for that reason deny same.

**ANSWER AND COUNTERCLAIM**                                              **Page 6**

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants admit that a word search on a mobile device that includes the words "party band" may result in the appearance of a clearly identified advertisement for Emerald City.  Defendants deny the remainder of the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit that the advertisement reproduced in Paragraph 35 of the Complaint contains a telephone link, but denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit that there is no corporate affiliation between them and SME, but deny that the words "party band" are exclusive to SME or that SME has any right to prohibit use thereof by Defendants or others.  Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    In answering Causes of Action Paragraph 1 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

50.    Defendants deny the allegations contained in Causes of Action Paragraph 2 of the Complaint.

51.    Defendants deny the allegations contained in Causes of Action Paragraph 3 of the Complaint.

52.    In answering Causes of Action Paragraph 4 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

53.    Defendants deny the allegations contained in Causes of Action Paragraph 5 of the Complaint.

54.    In answering Causes of Action Paragraph 6 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

55.    Defendants deny the allegations contained in Causes of Action Paragraph 7 of the Complaint.

56.    In answering Causes of Action Paragraph 8 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

57.    Defendants deny the allegations contained in Causes of Action Paragraph 9 of the Complaint.

58.    In answering Causes of Action Paragraph 10 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

59.    Defendants deny the allegations contained in Causes of Action Paragraph 11 of the Complaint.

60.    In answering Causes of Action Paragraph 12 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

61.    Defendants deny the allegations contained in Causes of Action Paragraph 13 of the Complaint.

62.    Defendants deny the allegations contained in Causes of Action Paragraph 14 of the Complaint.

63.    In answering Causes of Action Paragraph 15 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

64.    Defendants deny the allegations contained in Causes of Action Paragraph 16 of the Complaint.

65.     Defendants deny the allegations contained in Causes of Action Paragraph 17 of the Complaint.

66.     Defendants deny the allegations contained in Causes of Action Paragraph 18 of the Complaint.

67.     Defendants deny the allegations contained in Causes of Action Paragraph 19 of the Complaint.

68.     Defendants deny the allegations contained in Causes of Action Paragraph 20 of the Complaint.

69.     In answering Causes of Action Paragraph 21 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

70.     Defendants deny the allegations contained in Causes of Action Paragraph 22 of the Complaint.

71.     Defendants deny the allegations contained in Causes of Action Paragraph 23 of the Complaint.

72.     Defendants deny the allegations contained in Causes of Action Paragraph 24 of the Complaint.

73.     Defendants deny the allegations contained in Causes of Action Paragraph 25 of the Complaint.

74.     Defendants deny the allegations contained in Causes of Action Paragraph 26 of the Complaint.

75.     In answering Causes of Action Paragraph 27 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

76.     Defendants deny the allegations contained in Causes of Action Paragraph 28 of the Complaint.

77.     Defendants deny the allegations contained in Causes of Action Paragraph 29 of the Complaint.

78.     Defendants deny the allegations contained in Causes of Action Paragraph 30 of the Complaint.

79.     In answering Causes of Action Paragraph 31 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

80.     Defendants deny the allegations contained in Causes of Action Paragraph 32 of the Complaint.

81.     In answering Causes of Action Paragraph 33 of the Complaint, Defendants incorporate by reference the preceding paragraphs.  Unless expressly admitted, all allegations are denied.

82. Defendants deny the allegations contained in Causes of Action Paragraph 34 of the Complaint.

83. Defendants admit that Plaintiffs have requested trial by jury.

## **AFFIRMATIVE DEFENSES**

84. Plaintiffs fail to state a claim upon which relief may be granted.

85. Plaintiff JKMC lacks standing to bring claims against Defendants.

86. Plaintiff Michaels' claims are barred, in part or in whole, by the doctrines of waiver, estoppel and release.

87. Plaintiffs' claims are barred, in part or in whole, by the doctrine of unclean hands.

88. Plaintiff Michael's claims are barred, in part or in whole, by prior breach of contract.

89. Plaintiffs' claims are barred, in part or in whole, by Plaintiffs' fraud.

90. To the extent Plaintiffs claim that the Addendum is unenforceable, then consideration for the License would fail and Michaels' and SME's use thereof would be in violation of ECB's and ECM's copyright and other rights.

91. Plaintiffs have failed to comply with all conditions precedent, including the requirement they firs attempt pre-suit dispute resolution.

## **COUNTERCLAIM**

Counter-plaintiffs Emerald City Band, Inc. ("ECB"), and Emerald City Management, L.L.C., ("ECM") (collectively, "Counter-plaintiffs"), for their Counterclaim against Jordan Kahn Music Company, L.L.C. ("JKMC"), Scott Swiecki a/k/a Scott Michaels ("Michaels"), and Scott Michaels Entertainment LLC ("SME") (collectively, "Counter-defendants"), state as follows:

## PARTIES

1.      Emerald City Band, Inc. is a Texas Corporation.

2.      Emerald City Management, L.L.C. is a Texas limited liability company.

3.      Jordan Kahn Music Company, L.L.C. ("JKMC") is a Texas limited liability company with its principal place of business located in Texas. Upon information and belief, all members of JKMC are citizens and residents of Texas. JKMC has voluntarily appeared in this action and therefore has subjected itself to the jurisdiction of this Court.

4.      Scott Swiecki, a/k/a Scott Michaels ("Michaels"), is an individual residing in Collin County, Texas. Michaels has voluntarily appeared in this action and therefore has subjected himself to the jurisdiction of this Court.

5.      Scott Michaels Entertainment LLC ("SME") is a Texas limited liability company with its principal place of business located in Texas. Upon information and belief, all members of SME are citizens and residents of Texas. SME has voluntarily

appeared in this action and therefore has subjected itself to the jurisdiction of this Court.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the person of the Counter-defendants because they each voluntarily subjected themselves thereto.

7.     The Court has jurisdiction over the subject matter of this Counterclaim.

8.     Venue is proper in this Court.

## STATEMENT OF THE CLAIM

9.     ECB owns and manages a nationally recognized musical performance band known as "Emerald City Band." ECM owns and manages several other nationally known musical performance bands, including ones known as "Party Machine" and "Downtown Fever."

10.     Michaels served as a band leader ("Band Leader") of Party Machine and then Downton Fever and primarily as a sales associate for ECM.  In connection with such positions of trust, Michaels was given access to confidential and proprietary information belonging to ECB and ECM, including customer information, pricing, backing tracks, contact information and competitive information.

11.     On February 15, 2017 Michaels executed an agreement ("2017" Agreement") with ECB and ECM, among others, which, among other things,

provided Michaels access to ECB's and ECM's clients, client information and other confidential and proprietary information in exchange for covenants, among other things, that Michaels not disclose or misuse the information during the term of the agreement and for a period of five (5) years thereafter.  The 2017 Agreement also prohibits Michaels from contracting, negotiating or otherwise dealing with clients of ECB and ECM for twenty-four (24 months) after the termination of the agreement.

12.     Michaels executed a written agreement ("2018 Agreement") with ECB and ECM.  As band leader, Michaels was provided access to additional proprietary and confidential information of ECB and ECM, including but not limited to backing tracks, arrangements and creative ideas.  In exchange for access to such information, Michaels, among other things, agreed not to disclose or misuse the information, not contract, negotiate or otherwise deal with clients of ECB and ECM for a period of sixty (60) months following termination and not engage with two of ECB's and ECM's primary competitors, including JKMC, during the agreement and for a period of twenty (24) months following termination.

13.     On August 7, 2020, Michaels, ECB and ECM entered into an Addendum ("Addendum") that, among other things, eliminated certain restrictions on Michaels' post-association competitive conduct, but retained the restriction against Michaels engaging with JKMC for twenty-four (24) months post-termination.  The Addendum is supported by consideration, among other ways, by a

royalty-free license permitting Michaels to use ECB and ECM's intellectual, proprietary and competitive property, namely unique music backing tracks, which ECB and ECM has expended considerable time, money talent and other resources in developing.  The Addendum is also supported by the consideration contained in the 2017 and 2018 Agreements.

14.    The Addendum, among other things, permits Michaels to compete against ECB and ECM, whether individually, with his own musical performance band or with any of thousands of bands anywhere in the country, with the exception of two directly competitive organizations, one of which is JKMC, for a short, 24-month period.

15.    At the time Michaels signed the Addendum, he had represented to ECB and ECM that he had no intention of ever working for JKMC and that doing so would be a "step backward" in the music industry.  Michaels acknowledged that the restrictions in the Addendum were reasonable.  In fact, Michaels had proposed an even more restrictive prohibition on his post-association conduct.

16.    At and following Michaels' separation, in reliance upon Michaels' promise to abide by the very narrow post-association restrictions, ECB and ECM offered extraordinary assistance to Michaels to create and establish his own musical performance company, including use of equipment, financial support, investment and licensing backing tracks.  ECB and ECM did provide Michaels with assistance

**ANSWER AND COUNTERCLAIM**                                                          **Page 17**

when requested.  In addition, ECM offered Michaels the opportunity to return to the organization if Michaels chose to.

17.    Unbeknownst to ECB and ECM, however, Michaels had formed his own musical performance company, SME, in February 2020, while he was still under contract not to compete with ECB and ECM.  Michaels represented to the United States government that he began using the name "Stratosphere Party Band" on February 1, 2020, long before his separation in July 2020.  Although Michaels concealed the existence of SME at the time the Addendum was executed, such entity was a beneficiary thereof, and thus intended to be bound, by the Addendum.  In the alternative, SME has no right to use or exploit the music backing tracks licensed thereunder.

18.    Starting in late 2020 SME and Michaels, contrary to the terms of his agreements with ECB and ECM, including the Addendum, worked in conjunction with JKMC to compete against ECB and ECM.  Upon information and belief, JKMC has provided financial and other direct and indirect support to Michaels and SME, has assisted in creating promotional materials and events and has worked events in cooperation with Michaels and SME, all in violation of Michaels' contracts with ECB and ECM.   Moreover, JKMC represented to this Court in the Complaint that it has rights to Michael's mark, "STRATOSPHERE Party Band."

19.    Upon information and belief, JKMC has improperly benefitted from the use of ECB's and ECM's intellectual property which it has no right to do.

20.    As a result of the actions of JKMC, Michaels and SME, ECB and ECM have suffered injury for which they seek relief.  Michaels, SME and JKMC should also disgorge any improperly obtained gains.

## COUNT I – BREACH OF CONTRACT

21.    The actions of Michaels and SME constitute breach of the agreements, including the Addendum, with ECB and ECM, which has caused cognizable injury to ECB and ECM, and for which ECB and ECM seek relief.

## COUNT II – COPYRIGHT INFRINGEMENT

22.    Counter-defendants' actions constitute copyright infringement, for which ECB and ECM seek relief.

## COUNT III – TORTIOUS INTERFERENCE

23.    JKMC's actions constitute tortious interference with contract, for which ECB and ECM seek relief.

## COUNT III – CONVERSION

24.    JKMC's actions constitute conversion for which ECB and ECM seek relief.

## COUNT IV – TERMINATION OF LICENSE

25.    The License, by its terms, is terminable at the will of ECB and ECM, which such termination they now seek as a matter of right or, in the alternative, because of Michaels' breach thereof.  ECB and ECM also seek recovery of monetary damages from Michaels, SME and KJMC for the misuse of the License.

## COUNT V – ATTORNEYS' FEES

26.    Pursuant to Chapters 37 and 38, Texas Civil Practices and Remedies Code, 15 U.S.C. § 1117, 28 U.S.C. § 2202, ECB and ECM are entitled to recovery of their reasonable attorneys' fees and costs.

## COUNT VI – PRELIMINARY AND PERMANENT INJUNCTIONS

27.    ECB and ECM seek preliminary and permanent injunctions prohibiting Michaels, SME and JKMC from violating the post-termination covenants, including but not limited to Michaels and SME doing business with JKMC for twenty-four

(24) months, appropriately extended for the amount of time over which Michaels, SME and JKMC violated the covenants.

WHEREFORE, Dean "Deno" Taglioli, Emerald City Band, Inc. and Emerald City Management, LLC respectfully request that the Court enter judgment hat Plaintiffs take nothing by way of their claims and that Emerald City Band, Inc. and Emerald City Management, LLC be granted judgment against Jordan Kahn Music Company, L.L.C., Scott Swiecki a/k/a Scott Michaels, and Scott Michaels Entertainment LLC, jointly and severally, for;

1. Termination of the License;

2. Actual and/or statutory damages;

3. Preliminary and Permanent Injunctions;

4. Attorneys' fees and costs of court;

5. Pre-and post-judgment interest at the highest rate allowed by law; and

6. All other and further relief, at law or in equity, to which they are entitled.

Respectfully submitted,

*/s/ Anna Rebecca Skupin*
Kirte Kinser
Attorney-In-Charge
Texas Bar No. 11489650
kirtekinser@siebman.com
Bryan Burg
Texas Bar No. 03374500
bryanburg@siebman.com
Anna Rebecca Skupin
Texas Bar No. 24084272
beccaskupin@siebman.com

**SIEBMAN, FORREST, BURG & SMITH, LLP**
4949 Hedgcoxe Road
Suite 230
Plano, TX 75024
214-387-9100
214-387-9125 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record on March 19, 2021.

*/s/ Anna Rebecca Skupin*
Anna Rebecca Skupin