| | |
|---|---|
| JORDAN KAHN MUSIC COMPANY, L.L.C., SCOTT SWIECKI a/k/a SCOTT MICHAELS, and SCOTT MICHAELS ENTERTAINMENT LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>DEAN "DENO" TAGLIOLI,<br><br>*Defendant.*<br><br>and<br><br>EMERALD CITY BAND, INC., and EMERALD CITY MANAGEMENT, L.L.C.,<br><br>*Defendants/Counter-Plaintiffs* | **CIVIL ACTION NO.** 4:21-CV-045-ALM |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for *In Camera* Inspection (Dkt. #20). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be denied.

# BACKGROUND

This case arises from a former business relationship between Plaintiff Scott Michaels "Michaels" and Defendants Dean Taglioli ("Taglioli"), Emerald City Band, Inc. ("ECB") and Emerald City Management, L.L.C. ("ECM"). Following the termination of the relationship between Michaels and Defendants, Michaels began operating Scott Michaels Entertainment, LLC ("SME") as the sole owner. Michaels also provided music and entertainment services through his band, "Stratosphere Party Band."

Throughout the time Michaels was employed by Defendants, several different variations of contracts were signed regarding Michaels' employment. The final version, the "Addendum," includes a non-compete agreement. However, Michaels now seeks to work with Plaintiff Jordan Kahn Music Company, despite the existence of the non-compete clause prohibiting the relationship. Michaels claims he was coerced into signing the Addendum, which states:

> The Parties agree that their 2/15/17 and 3/1/18 agreements are modified as follows: (a) Scott Michaels is allowed to join and/or work with any bands or music businesses of his choosing except that he remains prohibited from working with Jordan Kahn and/or Joe Hargrave and any band(s) or company(s) affiliated with Jordan Kahn and/or Joe Hargrave for 24 months from the date of this Addendum; and (b) Scott Michaels is allowed to start and operate his own band(s) and/or music business(s)

(Dkt. #12 at p. 7).

In accordance with the foregoing facts, Plaintiffs bring suit for common law unfair competition, unjust enrichment, tortious interference, declaratory judgment,[1] common law fraud, and promissory estoppel. Plaintiffs also bring suit for violations of the Lanham Act Section 43(a) and common law trademark infringement. Relevant to the trademark claims, Michaels asserts that he created, originated, and developed the trademark "STRATOSPHERE PARTY BAND" (the

---

[1] Plaintiffs seek declarations that the Addendum is invalid and unenforceable and that there was non-infringement of a valid copyright by Plaintiffs.

2

"Mark"). Michaels alleges that, despite his ownership of the Mark, Defendants purchased the Mark as a keyword advertisement on mobile devices through Google's search engine, and the Mark is used by Defendants in conjunction with a "click-to-call advertisement."

On May 19, 2021, Defendants filed the present motion (Dkt. #20). On June 7, 2021, Plaintiffs filed a response (Dkt. #23). On June 10, 2021, Defendants filed a reply (Dkt. #26). Also on June 10, 2021, Plaintiffs filed a sur-reply (Dkt. #27).

## ANALYSIS

Defendants "request *in camera* inspection" of "a complete list of the on-line marketing search terms used by Defendants after June 1, 2020[,]" pursuant to Federal Rule of Civil Procedure 5.2 (Dkt. #20 at pp. 1, 2). According to Defendants, "[i]n order to show that they do not use [STRATOSPHERE Party Band], Defendants have to reveal the words and terms they do use, which would reveal to Plaintiffs the Defendants' confidential and proprietary marketing strategy" (Dkt. #20 at p. 1).

Plaintiffs respond that "[t]he relief Defendants seek is unwarranted" because "not even Defendants contend attorney-client privilege, attorney work product, trade secret privilege or the like is implicated by requiring production of this relevant information" (Dkt. #23 at p. 2).

Federal Rule of Civil Procedure 5.2 governs privacy protection for filings made with the Court. *See* FED. R. CIV. P 5.2. Specifically, Rule 5.2 provides for: (1) the redaction of documents in a narrow set of circumstances; (2) exemptions to the redaction requirements; (3) limitations on remote access to electronic files; social security appeals and immigration causes; (4) filings made under seal; (5) protective orders; (6) options for both additional unredacted filing under seal and filing a reference list; and (7) waiver of protection of identifiers. *See id.* Rule 5.2 does not, however, give the Court guidance on the inspection of documents *in camera* is appropriate.

"[A]n *in camera* review is not appropriate merely because a party requests the district court undertake the endeavor." *Jani-King Franchising, Inc. v. Jani-King (GB) Ltd.*, No. 3:13-CV-4136-P (BF), 2015 WL 12916409, at *1 (N.D. Tex. Feb. 6, 2015) (citing *United States v. Zolin*, 491 U.S. 554, 571 (1989)). "Where there is a sufficient evidentiary showing that an issue exists regarding *the application of a privilege*, the court must utilize its own discretion and determine whether *in camera* review is appropriate under the circumstances presented." *Id.* (citing *Zolin¸* 491 U.S. at 571–72) (emphasis added). "However, such a procedure is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible." *Id.* (citing *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014)). Ultimately, however, "[o]nce [the relevant evidentiary] showing is made, the decision whether to engage in *in camera* review rests in the sound discretion of the trial court." *Zolin*, 491 U.S. at 572.

The commonality between the cases in which *in camera* review is considered is not present in the instant action—namely, an assertion of privilege. Defendants do not appear to assert that the information sought to be reviewed by the Court is non-discoverable by way of any privilege. Rather, Defendants contend that the "request is reasonable, without undue burden on the Court and necessary to preserve confidential information and avoid the production of irrelevant business competitive information" (Dkt. #26 at p. 1). However, absent a basis for the review, the reasonable nature of such is irrelevant. Further, Plaintiffs have failed to provide persuasive argument as to why less burdensome means of protecting the documents are insufficient. Because Defendants do not assert privilege over the information contained within the documents sought to be reviewed, nor do Defendants offer a sufficient evidentiary showing that some issue exists regarding such

4

non-asserted privilege, the Court finds *in-camera* review inappropriate. Defendants do have alternative means by which to protect their confidential and proprietary information, however.

Federal Rule of Civil Procedure 26 provides, in relevant part, "[t]he court may, for good cause, issue [a protective] order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ." FED. R. CIV. P. 26(c). A protective order issued by the Court may include limits on discovery, including: "forbidding inquiry into certain matters, or limiting the scope of disclosures or discovery to certain matters" and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1). Under the plain language of Rule 26(c)(1), Defendants' confidential information would be appropriately protected by the entering of an order restricting the dissemination or use of such information. However, because the issue of a protective order is not presently before the Court, no further analysis of the scope or ultimate issuance of a protective order is necessary.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for *In Camera* Inspection (Dkt. #20) is hereby **DENIED**.

**SIGNED** this 21st day of June, 2021.

---
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE