# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JORDAN KHAN MUSIC COMPANY, LLC, SCOTT SWIECKI A/K/A SCOTT MICHAELS, JORDAN KHAN, AND SCOTT MICHAELS ENTERTAINMENT LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEAN "DENO" TAGLIOLI, EMERALD CITY BAND, INC., AND EMERALD CITY MANAGEMENT, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 4:21-CV-00045 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Scott Michaels Entertainment LLC's Motion to Quash and for Protective Order (Dkt. #80). Having considered the relevant pleadings, the Court finds Plaintiff's motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

Defendant Deno Taglioli ("Taglioli") is the sole owner of Emerald City Band ("ECB") and sole member of Emerald City Management (ECM) (together with ECB, the "Emerald City Entities" and collectively with Taglioli, "Defendants"). Taglioli previously worked with Plaintiffs Scott Michaels ("Michaels") and Jordan Khan ("Khan"), each musicians who have now cut ties with Defendants and pursued success with their own companies—Scott Michaels Entertainment ("SME") and Jordan Khan Music Company ("JKMC"), respectively. SME and JKMC have become competitors of the Emerald City Entities (Dkt. #1 at p. 2).

On January 15, 2021, Plaintiffs Michaels, SME, and JKMC brought suit against the Defendants alleging violations of the Lanham Act, common law trademark infringement, common law unfair competition, unjust enrichment, tortious interference, fraud, and promissory estoppel (Dkt. #12 ¶¶ 53–85). Plaintiffs sought leave to amend to add Jordan Khan as a plaintiff, which the Court granted (Dkt. #84). Plaintiffs also request a declaratory judgment regarding enforceability of certain post-termination agreements and the parties' respective rights related to Defendants' alleged copyrights (Dkt. #12 ¶¶ 64–85). Defendants counterclaimed, asserting breach of non-competition contract, tortious interference with business relations, conversion, and license termination (Dkt. #14).

## LEGAL STANDARD

Plaintiff SME filed the present motion on January 5, 2022 seeking to quash many of Defendants' discovery requests under Federal Rules of Procedure 26(c) and 30(b) (Dkt. #80). Defendants responded on January 18, 2022, arguing that their requests are reasonable and relevant and that SME has not met its burden of showing that compliance would be unduly burdensome (Dkt. #83).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant

if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Consequently, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437. The Court has provided guidance in matters of discovery. The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #24). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Pursuant to Rule 45(d)(3), upon timely motion, "the court for the district where compliance is required must quash or modify a subpoena that," *inter alia*, requires disclosure of privileged or protected matter or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). "The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *RYH Properties, LLC v. West*, 2011 WL 13196550, at *2 (E.D. Tex. Feb. 3, 2011) (citing *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003)). When determining whether a subpoena is unduly burdensome, a court may consider: "(1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by

3

the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *West*, 2011 WL 13196550, at *2 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Brady*, 238 F.R.D. at 437). The moving party has the burden of showing "that compliance with the subpoena[s] would be unreasonable and oppressive." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

Defendants have now limited many of their requests that the Court would have found overbroad (Dkt. #83-1, Topic Nos. 5, 8, 16, 17, 18, 19, 21, 24, 28). Thus, where the Court may have previously found that the breadth of certain topics and the lack of particularity with which Defendants described certain topics created an undue burden on SME, Defendants have alleviated such burdens. Further, Defendants have withdrawn some of their requests altogether (Dkt. #83-1, Topic Nos. 25, 27, 33, and 34). The Court will, therefore, focus on Topic Nos. 1–4, 6–7, 9–12, 14, 19–20, 22, 26, and 29–32.

The Court finds SME has not met its burden of showing that compliance with Topic Nos. 1, 3, 14, 26, and 29 "would be unreasonable and oppressive." *Wiwa*, 392 F.3d at 818. SME provides conclusory reasoning as to why these requests are burdensome—specifically that the requests are "overbroad," "irrelevant," and "not particularized" (*see* Dkt. #83-1). Such descriptions are insufficient for explaining how Topic Nos. 1, 3, 13, 14, 26, and 29 fall outside of the broad ambit of FED. R. CIV. P. 26(b)(1).

However, the Court finds that Topic Nos. 2, 4, 6, 7, 9– 12, 15, 20, 22–23, and 30–32 are either irrelevant, overbroad in scope, overbroad in time, or not stated with the proper particularity. *See West*, 2011 WL 13196550, at *2. Topic Nos. 2 and 10 seek testimony concerning "the factual basis for all claims made in this action," and "all claims for damages by plaintiffs in this action"

4

(Dkt. #80 at p. 5). These are not stated with any sort of particularity and would "require SME to testify on the entirety of its factual and legal support for all of Plaintiffs' claims" (Dkt. #80 at p. 5). Topic Nos. 2 and 10 must be struck.

While Defendants have shown that some of the requested discovery in Topic Nos. 6 and 22 is relevant to their counterclaims, the requests are not reasonable in time or scope. Topic No. 6 would require SME to produce documents of all bookings of bands managed or owned by SME, rather than just those bookings relevant to Defendants' counterclaims. Topic No. 6 must be limited in scope. Further, Topic No. 22 would require SME to produce all business activity of Michaels and SME. Any relevant information within such Topic is covered by the Court's limitation of Topic 6 and the financial information from Topic 19. Topic No. 22 must be struck.

Likewise, Topic No. 11 is overbroad in a manner that would require SME to produce irrelevant evidence. Topic 11 currently requests documents pertaining to "any lawsuit to which [JKMS] is or was a party" (Dkt. #83-1). This topic must be limited in scope.

Further, Topics No. 4, 7, 9, 12, 15, 20, 23, and 30 pertain exclusively to Khan or to JKMC. Though Khan, JKMC, and SME are each parties to this action, SME is not responsible for providing information to which Khan and/or JKMC are privy, even if SME could obtain some of the information requested. Defendants can and should obtain such discovery from the parties directly related to the requests. Topics No. 4, 7, 9, 12, 15, 20, 23, and 30 are struck.

Lastly, Topic Nos. 31 and 32 are overbroad and not reasonably particularized. To require that SME turnover all of its clients as well as JKMC's clients would be unreasonable and oppressive. Defendants must, at least, limit Topic Nos. 31 and 32 in time and scope.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff SME's Motion to Quash and for Protective Order

(Dkt. #80) is hereby **GRANTED in part and DENIED in part**.

The Topics requested in Defendants' First Amended Notice of Deposition are amended as follows:

| | |
|---|---|
| No. 1 | No change. |
| No. 2 | Struck. |
| No. 3 | No change. |
| No. 4 | Struck. |
| No. 5 | Defendants previously modified. |
| No. 6 | Defendants must limit in scope. |
| No. 7 | Struck. |
| No. 8 | Defendants previously modified. |
| No. 9 | Struck. |
| No. 10 | Struck. |
| No. 11 | Defendants must limit in scope. |
| No. 12 | Struck. |
| No. 13 | No change. |
| No. 14 | No change. |
| No. 15 | Struck. |
| No. 16 | Defendants previously modified. |
| No. 17 | Defendants previously modified. |
| No. 18 | Defendants previously modified. |
| No. 19 | Defendants previously modified. |
| No. 20 | Struck. |
| No. 21 | Defendants previously modified. |
| No. 22 | Struck |
| No. 23 | Struck. |
| No. 24 | Defendants previously modified. |
| No. 25 | Withdrawn. |
| No. 26 | No change. |
| No. 27 | Withdrawn. |
| No. 28 | Defendants previously modified. |
| No. 29 | No change. |
| No. 30 | Struck. |
| No. 31 | Defendants must limit in time and/or scope. |
| No. 32 | Defendants must limit in time and/or scope. |

**IT IS SO ORDERED**.

**SIGNED this 7th day of February, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE