# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JORDAN KHAN MUSIC COMPANY, LLC, SCOTT SWIECKI A/K/A SCOTT MICHAELS, JORDAN KHAN, AND SCOTT MICHAELS ENTERTAINMENT LLC, | § § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:21-CV-00045 |
| v. | § § § | Judge Mazzant |
| DEAN "DENO" TAGLIOLI, EMERALD CITY BAND, INC., AND EMERALD CITY MANAGEMENT, LLC, | § § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs JKMC, Kahn, and SME's Motion to Compel Forensic Examination of Defendants' Devices and for Leave to File Expert Report After Deadline (Dkt. #108). Having considered the motion and the relevant pleadings, the Court finds it should be **DENIED**.

## BACKGROUND

On January 15, 2021, Plaintiffs Scott Michaels ("Michaels"), Scott Michaels Entertainment ("SME") and Jordan Khan Music Company ("JKMC") brought suit against the Defendants alleging violations of the Lanham Act, common law trademark infringement, common law unfair competition, unjust enrichment, tortious interference, fraud, and promissory estoppel (Dkt. #12 ¶¶ 53–85). Plaintiffs sought leave to amend to add Jordan Khan ("Khan) as a plaintiff which the Court granted (Dkt. #84). In their Second Amended Complaint, Plaintiffs assert civil Racketeer Influenced and Corrupt Organizations ("RICO") claims against Defendants, alleging continued

criminal copyright infringement of unlicensed software as a predicate act. Specifically, Plaintiffs allege "Defendants have and will continue to willfully use and distribute unlicensed, pirated versions of copyrighted software to create, use, and sell audio backing tracks" (Dkt. #108 at p. 1). Defendants counterclaimed, asserting breach of non-competition contract, tortious interference with business relations, conversion, and license termination (Dkt. #14).

On March 31, 2022, the Court held a discovery conference to hear arguments pertaining to Plaintiffs' requests that Defendants make their devices and means of data storage available for imaging and inspection, along with details of their licenses for all software used for their business. Plaintiffs asserted that this imaging was crucial to their RICO claims. Defendants responded that the discovery request was far too invasive—that turning over devices and data would produce information beyond the scope of any claims in this case. The Court asked Plaintiffs to file a motion to compel, which they filed on April 12, 2022 (Dkt. #108). In their Motion to Compel, Plaintiffs also requested the Court grant leave for Plaintiffs to serve its expert report related to the requested examination after the current May 2, 2022 expert disclosure deadline, which has now passed. Defendants filed a response on April 19, 2022 (Dkt. #111). On April 27, 2022, Plaintiffs filed their reply (Dkt. #113). On April 29, 2022, Defendants filed their sur-reply (Dkt. #115).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure documents containing, information relevant to the claim or defense of any party. Moreover, the Local Rules of the Eastern District of Texas provide further

guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

3

## ANALYSIS

Plaintiffs ask the Court to compel discovery that would require the forensic examination of Defendants' devices. Plaintiffs assert the forensic examination will provide information that is both relevant to and necessary for proving their RICO claims against Defendants. Plaintiffs further assert that discovery of this manner is the best means to obtain critical information for the RICO claims—that there is no effective alternative. Defendants respond that forensic examination would be vastly disproportionate to the issue. Specifically, Defendants assert that compelling this discovery would be no different than a ticket for Plaintiffs to fish their way through "every computer, laptop and memory storage device used by Defendants and their affiliates . . . for every single program and application, both personal and business, no matter how remote to Plaintiffs' RICO claim" (Dkt. #11 at p. 3). Further, Defendants argue that the Court does not have subject matter jurisdiction over the RICO claim because Plaintiffs do not have RICO standing. For the reasons discussed below, the Court will deny the motion to compel.

As an initial matter, this Court undoubtedly has subject matter jurisdiction over the claims in this case. RICO "standing" is not Article III standing—it does not affect the power of the Court to hear the case. The Fifth Circuit has stated that, "although parties and courts often refer[] to 'RICO Act standing' or 'statutory standing,' courts 'should avoid using that term' since it is not a question that implicates subject-matter jurisdiction." *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 409 n.8 (5th Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)).

That said, Defendants raise important issues regarding RICO standing that the Court would consider if raised in the proper context. A response to a motion to compel is not the proper context.

Thus, the Court will presume that Plaintiffs have RICO standing for the purposes of the matter currently before the Court.

Even assuming Plaintiffs have RICO standing, the Court must deny the motion to compel. Though Plaintiffs attempt to simplify their request with straightforward language, the reality is that the request is massively disproportionate to the issues. For their RICO claim, Plaintiffs allege "Defendants [] committed two or more predicate acts concerning the willful infringement of copyrighted audio software in producing and playing Defendants' backing tracks during live performances through the knowing and willful use of pirated software" (Dkt. #39 ¶ 144).[1] Plaintiffs hope that through the forensic examination, they will find evidence of unlicensed and cracked software that Defendants used to skirt paying licensing fees. They may very well find such evidence through the examinations. But, as Defendants assert, Plaintiffs will also become privy to information far beyond the scope of audio software, "including programs and applications such as personal hospital health portal applications, personal banking applications, dating apps and other personal sites, Super Mario Kart, Photoshop, Solitaire and other purely non-business programs" (Dkt. #111 at p. 3). This does not meet the proportionate standard under Rule 26.

Further, the Court is persuaded that Plaintiffs could engage in the discovery process in a less invasive, yet still worthwhile manner. Plaintiffs seem to have hoped at one point that other discovery measures might produce information relevant to the RICO claim but gave up such pursuits when Defendants continued to send boilerplate objections to Plaintiffs' interrogatories. Plaintiffs themselves stated that "Defendants, through repeated discovery misconduct, have

---

[1] Plaintiffs also allege that "Defendants committed two or more predicate acts concerning the unauthorized use of Kahn's name for Defendants' keyword advertising through Google Ads," but the present motion to compel pertains only to the copyrighted audio software (Dkt. #39 ¶ 144).

avoided Plaintiffs' attempts at less-intrusive means of discovering the information sought" (Dkt. #113 at p. 2).

In the second set of interrogatories, Plaintiffs requested that Defendants, among other things, identify computers, storage mediums, and software used in Defendants' business within a specific time frame. Defendants objected outright. This information is directly relevant to the RICO claim because it could uncover information regarding copyrighted software and the timeframe for which any alleged infringement took place. The Court finds this method of discovery is proportional to the issues, and it is far less invasive than a forensic examination of all of Defendants' devices. The Court, therefore, expects Defendants to forego their boilerplate responses and objections and provide detailed responses to the interrogatories they have been dodging at every turn.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs JKMC, Kahn, and SME's Motion to Compel Forensic Examination of Defendants' Devices and for Leave to File Expert Report After Deadline (Dkt. #108) is **DENIED without prejudice**.

It is further **ORDERED** that Defendants produce to Plaintiffs the information sought in Plaintiffs' Second Set of Interrogatories, Interrogatory Numbers 5, 6, 7, 8, and 9 **within 10 days from the date of this Order**. If Defendants fail to fully answer these interrogatories, the Court will revisit Plaintiffs' request for the forensic examination of Defendants' devices.

**IT IS SO ORDERED**.
**SIGNED this 12th day of May, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE