# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JORDAN KHAN MUSIC COMPANY, LLC, §
SCOTT SWIECKI A/K/A SCOTT §
MICHAELS, JORDAN KHAN, AND §
SCOTT MICHAELS ENTERTAINMENT §
LLC, §
§
    *Plaintiffs*, §
§
                                 §   Civil Action No. 4:21-CV-00045
§   Judge Mazzant
v. §
§
DEAN "DENO" TAGLIOLI, EMERALD §
CITY BAND, INC., AND EMERALD CITY §
MANAGEMENT, LLC, §
§
    *Defendant*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants Dean "Deno" Taglioli, Emerald City Band, Inc., and Emerald City Management, L.L.C.'s Motion for Summary Judgment (Dkt. #55). Having considered the motion and the relevant pleadings, the Court finds it should be **DENIED**.

## BACKGROUND

The parties in this action are well known in the music and entertainment industry, as well as in this Court. Defendant Deno Taglioli ("Taglioli") is the sole owner of Emerald City Band ("ECB") and sole member of Emerald City Management (ECM) (together with ECB, the "Emerald City Entities" and collectively with Taglioli, "Defendants"). Taglioli previously worked with Plaintiff Scott Michaels ("Michaels") and Plaintiff Jordan Khan[1] ("Khan"), each

---

[1] Jordan Khan was not added as a plaintiff to this matter until January 19, 2022 when the Court granted leave for Plaintiffs to amend their complaint (Dkt. #84). At that time, Plaintiffs also added a civil RICO claim and modified their Lanham Act claims to include a violation specific to Plaintiff Jordan Khan Music Company. Importantly, Defendants filed the present motion on November 8, 2021—prior to the shift regarding the operative complaint.

musicians who have now cut ties with Defendants and pursued success with their own companies—Scott Michaels Entertainment ("SME") and Jordan Khan Music Company ("JKMC"), respectively. SME and JKMC have become competitors of the Emerald City Entities (Dkt. #1 at p. 2). After Khan's 2014 departure from Emerald City Entities, ECM brought suit (the "Prior Suit") in this Court alleging several claims against Khan, including violations of the Lanham Act (4:14-cv-358 (Dkt. #1)). Khan countersued, alleging Lanham Act violations against Defendants, among other claims (4:14-cv-358 (Dkt. #14)). The crux of the suit involved the parties' disagreement as to who held the license for the trademark "Downtown Fever."

The case proceeded to trial, but before the Court charged the jury, the parties entered into a settlement agreement (the "Settlement") (4:14-cv-358 (Dkt. #210)). This Court accordingly dismissed each of the claims with prejudice on April 4, 2016 (4:14-cv-358 (Dkt. #213)).

Since that time, Plaintiff Michaels has become part of the controversy surrounding the Emerald City Entities. Michaels was a former employee and Vice President of the Emerald City Entities (Dkt. #12). During his employment, Taglioli allegedly promised Michaels that he would become a co-owner of Emerald City Entities when Taglioli was ready to sell and redistribute the management duties (Dkt. #12 ¶ 11). In April 2018, Taglioli allegedly "promoted Michaels to Vice President and represented to the public and music industry that Michaels was Vice President of ECM" but "abruptly demoted Michaels and pulled his Vice President title" (Dkt. #12 ¶ 12). Rather than allowing Michaels to resign, Taglioli allegedly "promised Michaels that Defendants would figure out a way to keep Michaels with the Emerald City Entities" (Dkt. #12 ¶ 13). These representations continued into May 2020 with no agreed terms in writing until

---

Although the Second Amended Complaint ("SAC") is now the operative complaint, the SAC incorporates each of the claims for which Defendants seek summary judgment in this motion.

Taglioli verbally told Michaels: "You are the CEO now" (Dkt. #12 ¶ 15). Still, Taglioli sent no agreement finalizing the details.

In or around July 2020, "Taglioli suddenly terminated Michaels' employment, which effectively ended all negotiations for the CEO position" (Dkt. #12 ¶ 18). Taglioli, however, "agreed to allow Michaels . . . to use any of the Emerald City Entities' musician track productions and sales leads" and to "hire any independent contractor-musicians that also worked for the Emerald City Entities" (Dkt. #12 ¶ 18).

Michaels claims, among other things, that Defendants did not follow through with these promises, and, further, that Defendants "have engaged in an infringing scheme to harm SME" and related trademarks "and to deceptively induce prospective clients who are using online searches to specifically seek out SME . . . into mistakenly contacting Defendants and engaging a band through Defendants instead" (Dkt. #12 ¶ 33).

On January 15, 2021, Plaintiffs Michaels, SME, and JKMC brought suit against the Defendants alleging violations of the Lanham Act, common law trademark infringement, common law unfair competition, unjust enrichment, tortious interference, fraud, and promissory estoppel (Dkt. #12 ¶¶ 53–85). Plaintiffs also request a declaratory judgment regarding enforceability of certain post-termination agreements and the parties' respective rights related to Defendants' alleged copyrights (Dkt. #12 ¶¶ 64–85).

On November 8, 2021, Defendants filed their Motion for Summary Judgment (Dkt. #55).[2] Plaintiffs filed their response on December 6, 2021 (Dkt. #71). On December 15, 2021,

---

[2] As mentioned, Plaintiffs sought leave to amend to add Khan as a plaintiff which the Court granted (Dkt. #84). In their Second Amended Complaint, Plaintiffs assert civil RICO claims against Defendants, alleging continued criminal copyright infringement of unlicensed software as a predicate act. This motion for summary judgment predated the added RICO claims.

Defendants filed their reply (Dkt. #76), and Plaintiffs filed their sur-reply on December 22, 2021 (Dkt. #78).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that

there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

For the foregoing reasons, the Court finds there is a genuine dispute regarding material facts in this case. The case should proceed to trial.

It is therefore **ORDERED** that Defendants Dean "Deno" Taglioli, Emerald City Band, Inc., and Emerald City Management, L.L.C.'s Motion for Summary Judgment (Dkt. #55) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE