# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JORDAN KAHN MUSIC COMPANY, LLC et al., § § § § § § § § § § | |
| *Plaintiffs,* | Civil Action No. 4:21-cv-00045 |
| v. | Judge Mazzant |
| DEAN "DENO" TAGLIOLI et al., | |
| *Defendants.* | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Reconsider (Dkt. #251). Having considered the motion and relevant pleadings, the Court finds that Plaintiffs' Motion to Reconsider (Dkt. #251) should be **DENIED**.

### BACKGROUND

The recent Memorandum Opinion and Order on February 28, 2023, fully details the extensive legal battles between these parties (Dkt. #250). For clarity, however, the Court only rehashes the history of this case that is pertinent to the pending motion.

On January 15, 2021, Plaintiffs Jordan Kahn Music Company, LLC ("JKMC"), Scott Michaels ("Michaels"), and Scott Michaels Entertainment, LLC ("SME") filed the original complaint in this case against Defendants Dean Taglioli ("Taglioli"), Emerald City Band, Inc. ("ECB"), and Emerald City Management, L.L.C. ("ECM," together with ECB, the "Emerald City Entities") (Dkt. #1). In essence, Plaintiffs alleged that Defendants engaged in a series of unfair business practices to Plaintiffs' detriment (Dkt. #1).

Starting with Michaels, he alleged that Taglioli made false promises about Michaels's future position with the Emerald City Entities, and he enforced unreasonable noncompete

agreements against him after Taglioli terminated Michaels's position in 2020. Michaels then started his own company, SME, and operated a band called "Stratosphere Party Band" through SME. Michaels wanted SME and JKMC to eventually work together, but Plaintiffs believed that Defendants would prevent that from happening due to the various noncompete agreements that Michaels signed. Finally, Plaintiffs alleged that Defendants infringed on the Stratosphere Party Band's trademark by developing an unlawful advertising scheme to harm SME.

Accordingly, Plaintiffs brought the following claims either in tandem or individually: (1) trademark infringement under the Lanham Act, (2) common law trademark infringement, (3) common law unfair competition, (4) unjust enrichment, (5) tortious interference, (6) declaratory judgment regarding certain noncompete agreements, (7) common law fraud, and (8) promissory estoppel (Dkt. #1 at pp. 12–15). On March 19, 2021, Taglioli and the Emerald City Entities filed their original answer, and the Emerald City Entities asserted various counterclaims, including one for copyright infringement (Dkt. #9). While the factual basis for the copyright-infringement counterclaim was unclear, it appears that the Emerald City Entities believed JKMC, Michaels, and SME infringed on certain copyrights because Michaels violated his noncompete agreement with the Emerald City Entities, which included a license to use "music backing tracks" after Michaels left the Emerald City Entities (Dkt. #9 at pp. 16–22).

After Defendants filed their answer, JKMC, SME, and Michaels promptly filed a motion to dismiss the copyright-infringement counterclaim on the grounds that the Emerald City Entities did not allege that they had secured registered copyrights for any materials that they implied were infringed (Dkt. #10 at p. 2). On the very same day as that motion to dismiss, JKMC, SME, and Michaels also amended their complaint with a new claim for declaratory judgment that they do not infringe on any valid copyright owned by Defendants (Dkt. #12 at p. 15). Then, Defendants filed

an amended answer with amended counterclaims, this time removing the claim for copyright infringement (Dkt. #14).  The Court, therefore, denied JKMC, SME, and Michaels's motion to dismiss as moot (Dkt. #17).  However, the declaratory judgment for noninfringement remained pending.

This case eventually proceeded, and Jordan Kahn ("Kahn") joined as a co-plaintiff.  Although Plaintiffs' claims, as well the factual bases for those claims, changed throughout the case, Plaintiffs eventually brought nine different causes of action against Defendants (Dkt. #186 at p. 3).  On August 5, 2022, this case went to trial.  At the trial's conclusion, Defendants prevailed with no findings of wrongdoing on the claims submitted to the jury (Dkt. #211).

Following trial, JKMC, Michaels, and SME filed their Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) (Dkt. #234).  In it, they requested the Court to alter the Final Judgment and grant their declaratory judgment action for noninfringement of Defendants' copyrights because Defendants failed to show that they (1) owned a valid copyright or (2) that JKMC, Michaels, and SME infringed on any purported copyright (Dkt. #234 at pp. 8–9).  For their requested relief, JKMC, Michaels, and SME asked the Court to declare that: (1) the Emerald City Entities did not register any materials with the U.S. Copyright Office that Plaintiffs allegedly infringed; (2) the Emerald City Entities do not own copyrights in the materials they alleged the Plaintiffs infringed; (3) Plaintiffs did not and do not infringe on those materials; and (4) the Emerald City Entities' copyright infringement claim was frivolous or otherwise objectively unreasonable (Dkt. #234 at p. 4).

The Court denied the motion in its February 23 opinion, explaining that JKMC, Michaels, and SME effectively waived the issue because they did not raise these arguments at trial (Dkt. #250 at pp. 12–16).  Of particular relevance, the Court emphasized that JKMC, Michaels, and SME only

mentioned their claim on the second-to-last day of trial, never moved on the claim itself, and only argued that their declaratory judgment action was ripe to decide (Dkt. #250 at p. 13). It further noted that a Rule 50(a) motion would have been the proper vehicle for their requested relief (Dkt. #250 at pp. 15–16).

On March 8, 2023, JKMC, Michaels, and SME filed the pending motion because they assert the Court erred in concluding that Defendants never moved under Rule 50(a) with respect to the declaratory judgment action (Dkt. #251). As such, they contend the Court should reconsider its decision to deny their original motion (Dkt. #251). On March 15, 2023, Defendants responded to the current motion (Dkt. #252).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a general motion for reconsideration. *See, e.g.*, *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion asking the Court to reconsider a prior ruling is therefore evaluated either as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60. *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The applicable rule depends on when the motion was filed—if the motion was filed within twenty-eight days after the entry of a judgment or order, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam); *see also Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Since the pending motion came within twenty-eight days of the Court's February 28 order, Rule 59(e) applies here.

Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law

or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  Thus, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  Instead, to prevail on a Rule 59(e) motion, the movant must show: (1) a manifest error of law or fact; (2) an intervening change in controlling law; (3) the availability of new evidence not previously available; or (4) that the motion is necessary to prevent manifest injustice.  *See, e.g.*, *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  In this context, a "manifest error of law" is an error "that is plain and indisputable, and that amounts to a complete disregard for controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  That said, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly.  *Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

## ANALYSIS

JKMC, Michaels, and SME contend the Court should reconsider its decision denying its motion to alter or amend the Final Judgment under Rule 59(e) because it improperly found that they did not move on the issue before the case was submitted to the jury.  After reviewing the record, the Court is not necessarily convinced any Rule 50(a) motion was sufficient.  But even if it was, the Court would still not grant the requested declaratory judgment.  Thus, the current motion is denied.

Recall the genesis of JKMC, Michaels, and SME's claim. Defendants' original answer included a copyright infringement counterclaim that was limited to one sentence where the Emerald City Entities stated that JKMC, Michaels, and SME's "actions constitute copyright infringement, for which ECB and ECM seek relief" (Dkt. #9 at p. 19). The answer did not specifically reference a copyright of any kind (Dkt. #9). Indeed, the only reference to *any* intellectual property throughout the original answer was a brief reference to "unique music backing tracks," in a single sentence (Dkt. #9 at p. 17). Specifically, in discussing whether its noncompete agreements were enforceable, the Emerald City Entities alleged:

> On August 7, 2020, Michaels, ECB and ECM entered into an Addendum ("Addendum") that, among other things, eliminated certain restrictions on Michaels' post-association competitive conduct, but retained the restriction against Michaels engaging with JKMC for twenty-four (24) months post[-]termination. The Addendum is supported by consideration, among other ways, by royalty-free license permitting Michaels to use ECB and ECM's intellectual, proprietary and competitive property, *namely unique music backing tracks*, which ECB and ECM has expended considerable time, money talent and other resources in developing. The Addendum is also supported by the consideration contained in the 2017 and 2018 Agreements.

(Dkt. #9 at pp. 16–17) (emphasis added).

When Plaintiffs filed their motion to dismiss the copyright infringement claim, asserting a lack of copyright registration, the Emerald City Entities quickly backtracked and removed the claim. Nevertheless, the JKMC, Michaels, and SME pressed on—seeking a declaratory judgment of noninfringement regarding any alleged copyrights (Dkt. #12). After trial, through the form of a Rule 59(e) motion, JKMC, Michaels, and SME requested a declaratory judgment that (1) Emerald City does not own registered copyrights for its backing tracks; (2) Emerald City does not own copyrights in the materials they alleged Plaintiffs infringed; (3) Plaintiffs did not and do not infringe those materials; and (4) Emerald City's copyright infringement claims were frivolous or otherwise objectively unreasonable (Dkt. #234 at pp. 3–4). Namely, JKMC, Michaels, and

6

SME observed that there was no showing of "any registration or ownership" of a copyright for backing tracks (Dkt. #234 at p. 9).  Therefore, they were entitled to a declaratory judgment of noninfringement of a valid copyright.

There are glaring omissions from this entire discussion though.  First, is there a dispute about copyright registration?  Second, what are the copyrights, and do the Emerald City Entities even own any?  On the former question, there has never been a dispute that the Emerald City Entities have registrations in their copyrights—at least to the Court's knowledge.  On the second question, there has been no evidence in this case—at any point—that the Emerald City Entities own a copyright in any "music backing tracks," let alone any specific tracks.  In the original answer, the Emerald City entities did not even specifically assert that they owned a copyright in music-backing tracks either.  *See* (Dkt. #9 at p. 19).  Throughout this case, neither Plaintiffs nor Defendants have elaborated on what copyrights the Emerald City Entities might have, and the problem persists in post-trial briefing.  Moreover, there has been no showing of what conduct Defendants are engaged in that could even be considered copyright infringement.  On top of this, the Court notes that JKMC, Michaels, and SME never provided clarity on any of these problems in their motion to alter or amend the judgment, or alternatively, the pending motion to reconsider.

In any declaratory judgment action, the Court has an obligation to determine whether a declaratory action is justiciable. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  "Typically, this becomes a question of whether 'an actual controversy' exists between the parties to the action." *Id.* (citation omitted).  "In the trial court, of course, a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Intern., Inc.*, 508 U.S. 83, 95 (1993) (citation omitted).  To satisfy that burden, "the question in each case is whether the facts alleged, under all the circumstances, show

7

that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Courts must require "a definite and concrete dispute, remembering the prohibition against 'an opinion advising what the law would be upon a hypothetical set of facts.'" *Id.* (quoting *MedImmune*, 549 U.S. at 127).

But, here, JKMC, SME, and Michaels ask the Court to issue a declaratory judgment on (1) an issue that is not in contention and (2) a completely hypothetical set of facts. As to registration, there is no controversy on that matter—it appears that the Emerald City Entities readily concede that they do not have registered copyrights in "music backing tracks." If they do, there certainly is not a dispute about it in this litigation, or for that matter, before this litigation occurred. Thus, the relief is not ripe for a declaratory judgment.

A declaration of noninfringement, meanwhile, would be completely based on hypothetical circumstances. The Court has no way of knowing what the Emerald City Entities' music-backing tracks are, whether they are even protectable under copyright law, or how JKMC, Michaels, and SME are even infringing any "copyrights." Therefore, the Court does not see how it has the authority to issue a declaratory judgment.

For example, in *Veoh Networks, Inc. v. UMG Recordings, Inc.*, the plaintiff sought a declaration that it did not infringe on any of the defendant's copyrights because a safe-harbor provision under 17 U.S.C. § 512(c) applied. 522 F. Supp. 2d 1265, 1268 (S.D. Cal. 2007). The court, however, found that it lacked jurisdiction to grant the requested relief because the plaintiff did "not reference any specific copyright, even by way of example, [so] the requested relief would necessarily take the form of an advisory opinion." *Id.* at 1270. Similarly, in *Windstream Services,*

*LLC v. BMG Rights Management (US) LLC*, the court found that no controversy existed for a declaratory judgment for noninfringement of copyrights because the plaintiff wanted "declarations untethered from any actual instances of copyright infringement or any mention of a specific copyrighted work . . . ." No. 16-CIV-5015, 2017 WL 1386357, at *9 (S.D.N.Y. Apr. 17, 2017); *see also Broadcom Corp. v. Qualcomm Inc.*, No. 08-CV-1829-WQH, 2009 WL 684835, at *6 (S.D. Cal. Mar. 12, 2009) (dismissing declaratory judgment on determination of patent exhaustion because plaintiff did "not identify with any specificity a patent that was substantially embodied in a chipset or handset, or an exhausting triggering sale or license").

Like those cases, JKMC, Michaels, and SME desire a wide-sweeping declaratory judgment without pointing to any specific factual detail.  In this instance, the Court's opinion would necessarily be advisory and based on hypotheticals that are not before the Court.  As such, the Court—once more—declines to entertain the request for a declaratory judgment.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Reconsider (Dkt. #251) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE